IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| JUSTIC C. RENSHAW, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:20-CV-04183-WJE |
| ) | |
| KILOLO KIJAKAZI, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Plaintiff Justin C. Renshaw seeks judicial review[1] of a final administrative decision of the Acting Commissioner of Social Security ("Acting Commissioner") denying his claims for disability insurance benefits ("DIB") under Title II of the Social Security Act ("SSA"), 42 U.S.C. §§ 401, *et seq.*, and supplemental security income ("SSI") under Title XVI of the SSA, 42 U.S.C. §§ 1382–1385. Administrative Law Judge Carol L. Boorady ("ALJ") found that although Mr. Renshaw had several severe and non-severe impairments, he retained the residual functional capacity ("RFC") to do light work. After carefully reviewing the record and the parties' arguments, the Court finds the ALJ's opinion is supported by substantial evidence on the record as a whole. Therefore, the Acting Commissioner's decision is AFFIRMED.

## I. Background

Mr. Renshaw protectively filed claims for DIB and SSI on February 8, 2018. (AR 10). He alleges a disability onset date of May 1, 2017, due to chronic back pain from fractured vertebrae, anxiety, depression, post-traumatic stress disorder, insomnia, difficulty staying focused, hip pain,

---

[1] With the consent of the parties, this case was assigned to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(c).

and memory loss. (*Id.* 10, 107-08). His claims were denied initially on May 31, 2018. (*Id.* 10). He filed a written request for hearing which was held on October 3, 2019. (*Id.*).

On November 20, 2019, the ALJ denied Mr. Renshaw's claims. (*Id.* 7). The ALJ determined that although Mr. Renshaw had severe impairments, none of them met or exceeded a listed impairment. (*Id.* 13-14). The ALJ also determined that Mr. Renshaw had an RFC to perform light work with certain limitations, including: "[N]o concentrated exposure to vibration. He is able to understand, remember, and carry out simple instructions consistent with unskilled work and can tolerate occasional interaction with the general public." (*Id.* 14-15). During the October 3, 2019 hearing, the ALJ asked a vocational expert ("VE") whether a hypothetical individual with Mr. Renshaw's age, education, and work experience, along with the RFC identified above, would be capable of working. (*Id.* 21, 65). The VE testified that such an individual could perform work as a router, marker, or mail clerk. (*Id.* 21, 67).

Following the ALJ's decision, Mr. Renshaw filed an appeal with the Appeals Council. (*Id.* 191-92). The Appeals Council denied Mr. Renshaw's request for review leaving the ALJ's decision as the final decision of the Acting Commissioner. (*Id.* 1-3). Since Mr. Renshaw has exhausted all administrative remedies, judicial review is now appropriate under 42 U.S.C. §§ 405(g) and 1383(c)(3).

## II. Disability Determination and the Burden of Proof

The burden of establishing a disability as defined by the SSA in 42 U.S.C. §§ 423(d) and 1382c(a) rests on the claimant. *Simmons v. Massanari*, 264 F.3d 751, 754 (8th Cir. 2001); *Roth v. Shalala*, 45 F.3d 279, 282 (8th Cir. 1995). The SSA has established a five-step, sequential evaluation process for appraising whether a claimant is disabled and benefit-eligible. 20 C.F.R. §§

404.1520, 416.920; *see also Swink v. Saul*, 931 F.3d 765, 769 (8th Cir. 2019) (citation omitted).

The Commissioner must evaluate:

> (1) whether the claimant is presently engaged in a substantial gainful activity;
> (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities;
> (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations;
> (4) whether the claimant has the residual functional capacity to perform his or her past relevant work; and
> (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform.

*Dixon v. Barnhart*, 353 F.3d 602, 605 (8th Cir. 2003); *see Perks v. Astrue*, 687 F.3d 1086, 1091-92 (8th Cir. 2012) (citation omitted).

### III. Standard of Review

The Eighth Circuit requires the reviewing court to "determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole." *Baker v. Barnhart*, 457 F.3d 882, 892 (8th Cir. 2006) (citation omitted). "Substantial evidence is less than a preponderance [of the evidence]," in that it merely requires that a reasonable person find the evidence adequate to support the Commissioner's decision. *Id.* (citation omitted); *Cox v. Barnhart*, 345 F.3d 606, 608 (8th Cir. 2003).

The court must "defer heavily" to the Commissioner's findings and conclusions. *Wright v. Colvin,* 789 F.3d 847, 852 (8th Cir. 2015); *see also Biestek v. Berryhill*, 139 S. Ct. 1148, 1157 (2019) (noting the substantial evidence standard of review "defers to the presiding ALJ, who has seen the hearing up close"). The court may reverse the Commissioner's decision only if it falls outside of the available zone of choice; a decision is not outside this zone simply because the evidence also points to an alternate outcome. *Buckner v. Astrue,* 646 F.3d 549, 556 (8th Cir. 2011).

### IV. Discussion

Mr. Renshaw raises one issue in his appeal before the Court. He argues that the RFC decision is not supported by substantial evidence because the ALJ failed to incorporate the consultative examiner's lifting limitation. (*See* Doc. 25 at 14-15). The Court finds that substantial evidence supports the RFC decision because the RFC is consistent with the record as a whole, including the consultative examiner's lifting limitation. Accordingly, this Court affirms.

"A claimant's RFC is 'the most [he] can still do despite [his] limitations.'" *Swink v. Saul*, 931 F.3d 765, 769 (8th Cir. 2019) (quoting 42 U.S.C. § 404.1545(a)(1)). The RFC determination should be "based on all the relevant evidence, including the medical records, observations of treating physicians and others, and an individual's own description of [his] limitations." *Lawrence v. Saul*, 970 F.3d 989, 995 (8th Cir. 2020) (quoting *Combs v. Berryhill*, 878 F.3d 642, 646 (8th Cir. 2017)). "A hypothetical question 'is sufficient if it sets forth the impairments which are accepted as true by the ALJ.'" *Kraus v. Saul*, 988 F.3d 1019, 1026 (8th Cir. 2021) (quoting *Haggard v. Apfel*, 175 F.3d 591, 595 (8th Cir. 1999)). Further, the regulations define light work as "lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds." 20 C.F.R. §§ 404.1567(b), 416.967(b).

Here, the ALJ properly formulated Mr. Renshaw's RFC. The RFC was based on all the relevant evidence in the record, including the medical evidence, Mr. Renshaw's daily activities, his subjective reports of impairment, and the consultative examiner's opinion. (AR 15-20; *See Lawrence*, 970 F.3d at 995 (quoting *Combs*, 878 F.3d at 646)). Specifically, the RFC decision included a light work limitation, with light work defined as lifting no more than 20 pounds at a time, which is consistent with the consultative examiner's opinion that Mr. Renshaw "would have difficulties lifting heavy objects above shoulder level on a frequent basis." (AR 450; *See* 20 C.F.R. §§ 404.1567(b), 416.967(b)). Accordingly, the ALJ accepted the consultative examiner's opinion

as true and properly adopted the light work limitation both in the hypothetical question and the RFC. (AR 18, 67; *See Kraus*, 988 F.3d at 1026 (quoting *Haggard*, 175 F.3d at 595)).

## V. Conclusion

For the reasons set forth herein, the Court finds that the Acting Commissioner's determination that Mr. Renshaw was not disabled is supported by substantial evidence in the record. Judgment shall be entered in accordance with this Order.

Accordingly,

IT IS, THEREFORE, ORDERED that the decision of the Acting Commissioner is affirmed as set forth herein.

Dated this 20th day of December 2021, at Jefferson City, Missouri.

*Willie J. Epps, Jr.*

Willie J. Epps, Jr.
United States Magistrate Judge